UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MYLES DAVIS, an individual, and, JANELLE DAHL, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>BLAST PROPERTIES, INC. dba B&B CUSTOM HOMES, an Idaho Corporation, and TYLER BOSIER, an individual,<br><br>  Defendants. | Case No. 1:21-cv-00218-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Blast Properties' and Tyler Bosier's Motion for Reconsideration, Dkt. 44, and Myles Davis' and Janelle Dahl's Motion for Sanctions, Dkt. 53. For the reasons explained below, the Court will deny both motions.

## BACKGROUND

This case involves a dispute over a real estate and construction contract. In December 2020, Plaintiffs Davis and Dahl agreed that Defendant Blast Properties would build their home. Dkt. 22-12. The parties executed several documents,

including an Initial Agreement and two addenda, to memorialize the agreement. *Id.* Among the contract terms was a requirement that Davis and Dahl pay Blast a $61,500 deposit to cover up-front construction costs, which they did on January 11, 2021. Dkt. 22-1 at 3.

Before long, the parties' relationship deteriorated due to disagreements about construction plans and rising building material costs. Blast's agent sent a proposed addendum to Davis' and Dahl's real estate broker suggesting several amendments to the contract. Dkt. 22-14 at 1. A series of emails between the parties and their attorneys followed, but no consensus was reached. Dkt. 16-4. At one point, Davis sent an email summarizing what he felt were the parties' "three options" for moving forward. Dkt. 16-16 at 1-2. The third option was that Blast "return our $61,500.00 and we move to another development." *Id.* Blast quickly returned the deposit and took the position that doing so "resolved and settled" all issues surrounding the contract. Dkt. 16-1 at 6. Davis and Dahl, meanwhile, protested that returning the $61,500 "does not remedy everything" and that Blast would still be responsible for any cost increase they incurred to build a comparable house. Dkt. 16-22 at 1.

Davis and Dahl subsequently brought this action against Blast claiming breach of contract, fraud, and violations of the Idaho Consumer Protection Act.

**MEMORANDUM DECISION AND ORDER - 2**

*Compl.*, Dkt. 1. Shortly thereafter, the plaintiffs moved for partial summary judgment on the issue of breach, arguing that Blast repudiated the contract in several of its email communications in early May 2021. Dkt. 16-1 at 6. In particular, they pointed to a series of four communications culminating with Blast's May 6 email stating: "the issues surrounding that contract are resolved and settled . . . Blast will not take a different position than that with respect to the past contract." Dkt. 44-2 at 14.

The Court granted summary judgment in part and denied it in part. Dkt. 33. The Court found that Blast repudiated the contract as a matter of law by stating in its May 6 email that it considered the contract settled and would not alter that position. *Id.* However, the Court concluded that none of Blast's three other communications leading up to the May 6 email were repudiations. *Id.* at 32-33.

Blast now asks the Court to reconsider its grant of summary judgment. Specifically, Blast claims that the Court's "disjunctive" approach to its communications was not contemplated in the parties' arguments for and against summary judgment. *Def.'s Reply* at 2-3, Dkt. 52. Instead, the parties only addressed whether the four communications, "taken collectively, constituted a repudiation." *Id.* at 2. The Court's approach of viewing each communication independently, Blast argues, creates a new issue of material fact: whether Davis

**MEMORANDUM DECISION AND ORDER - 3**

and Dahl's May 5 demand for a refund of their deposit excused Blast's duty to perform.

In response, Davis and Dahl claim that Blast's motion for reconsideration is frivolous and ask the Court to impose sanctions. Dkt. 53.

## MOTION FOR RECONSIDERATION

**1.      Legal Standard**

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted).

When determining the merits of a request to reconsider an interlocutory order, this Court and others within the Ninth Circuit are often guided by standards of review substantially similar to those used under Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, Case No: 1:17-cv-00519-DCN, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59, reconsideration may be warranted: (1) because of newly discovered evidence; (2)

because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV–04–00061–RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

## 2. Discussion

Blast essentially asks the Court to 'think again.' But "the interests of finality and conservation of judicial resources" instruct against doing so without good reason. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Blast offers a reason, claiming the Court overlooked two facts in the record that create an issue of material fact precluding summary judgment. But the Court is unconvinced.

First, Blast argues that the Court's approach to the repudiation issue was "not advanced by Davis and Dahl" and creates a new issue of material fact. *Def.'s Reply* at 3, Dkt. 52. Specifically, Blast claims that the Court viewed its four communications "disjunctively and independently," whereas Davis and Dahl viewed them collectively. *Id.* at 2. As a result, Blast argues, the Court overlooked

the fact that a condition of Blast's performance—payment of $61,500 by Davis and Dahl—was not satisfied at the moment Blast sent its May 6 email.

At the outset, the Court disagrees with Blast's characterization of Davis' and Dahl's original argument. In their motion for partial summary judgment, Dkt. 16, Davis and Dahl cited four of Blast's communications that they believed were repudiations. But they never suggested that all those communications had to be viewed together in order to constitute repudiation. *Id.* at 9. On the contrary, Davis and Dahl referred specifically to the May 6 email, itself, as a "positive, unconditional, and unequivocal declaration of fixed purpose not to perform the contract." *Id.* at 6. It was therefore apparent from Davis and Dahl's pleadings that they thought all four of Blast's communications, "either collectively or individually," were repudiations. *Mem. Decision and Order* at 31, Dkt. 33. Thus, the Court's conclusion on summary judgment that only the May 6 email constituted a repudiation was in line with Davis' and Dahl's arguments.

Accordingly, there is no reason why Blast could not have made the present argument at the summary judgment stage. There are no new facts or intervening changes in law, nor has Blast shown that the Court committed clear error. Instead, Blast simply makes a new argument based on facts already considered by the Court.

Blast's second point fares no better. As Davis and Dahl note, Blast's motion for reconsideration makes "precious little argument" about the stucco provision in the construction contract. Dkt. 53 at 6. Blast appears to argue that by refusing to proceed with stucco siding, Davis and Dahl repudiated the contract before May 6 and therefore excused Blast's duty to perform. Dkt. 44 at 4.

This simply restates an argument Blast raised in its opposition to the motion for summary judgment. Dkt. 22 at 5. The facts surrounding the stucco provision were already presented to, and duly considered by, the Court. There is no reason for the Court to reconsider its conclusion.

Accordingly, the Court will deny Blast's motion for reconsideration.

## MOTION FOR SANCTIONS

### 1. Legal Standard

Courts may impose sanctions on attorneys, law firms, and parties for violating Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) requires that, before filing a document with the court, attorneys "perform adequate legal research that confirms whether the theoretical underpinnings of the [filing] are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'" *Christian v. Mattel*, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). The Ninth Circuit has used the term "frivolous" as shorthand for this test, which

denotes a filing that is both baseless and made without a reasonable and competent inquiry. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

The purpose of Rule 11 is to warn litigants that before filing a document, they must "Stop, Think, Investigate and Research." *Heitman v. Bear Lake West Home Owners Ass'n Corp.*, No. CV-07-209-E-BLW, 2007 WL 4198254, at *5 (D. Idaho Nov. 21, 2007) (internal citation omitted). Courts must be careful in imposing Rule 11 sanctions, however, to avoid "chill[ing] vigorous advocacy." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

**2.  Discussion**

Davis and Dahl seek an award of sanctions against Blast, Tyler Bosier, and their counsel, Johnson May. Dkt. 53. Specifically, Davis and Dahl allege that Blast's motion for reconsideration is "baseless on a substantive level, completely unfounded on a procedural level, and made without a reasonable and competent inquiry." *Id.* at 3. They go further, stating that Blast "does not even attempt to meet the standard for a motion for reconsideration." *Id.* at 5. But these are overstatements.

Blast contends that the Court overlooked a material fact—return of the $61,500 deposit on May 5—and therefore committed "clear error" in granting summary judgment. *Id.* at 2. Although the Court rejects that conclusion, that does

**MEMORANDUM DECISION AND ORDER - 8**

not mean the motion was frivolous. Weak as it may be, Blast makes a plausible argument that because the Court found that only one of Blast's communications, standing alone, was a repudiation, the timing of the deposit return became material.

Additionally, contrary to what Davis and Dahl claim, Blast does explain why it did not make this argument previously: "since Davis and Dahl had not argued that the May 6, 2021, email from counsel, alone, was a repudiation, it is understandable that Blast would not have spent time specifically arguing that the failure to pay the $65,500 [sic] was a prior breach." *Def.'s Reply* at 3, Dkt. 52. As discussed, the Court disagrees with Blast's narrow characterization of Davis' and Dahl's original position. Nevertheless, the Court does not believe that Blast's interpretation was utterly baseless.

Where a party makes a reasonable but unpersuasive argument for reconsideration, the Court must be cautious to avoid "chill[ing] vigorous advocacy" by imposing sanctions. Accordingly, the Court will deny Davis' and Dahl's motion for sanctions.

## ORDER

IT IS ORDERED that:

1. Defendants' Motion for Reconsideration (Dkt. 44) is **DENIED**.

2. Plaintiffs' Motion for Sanctions (Dkt. 53) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 9**

DATED: October 4, 2022

_____
B. Lynn Winmill
U.S. District Court Judge