UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MYLES DAVIS, an individual, and JANELLE DAHL, an individual<br><br>Plaintiff,<br><br>v.<br><br>BLAST PROPERTIES, INC. DBA B&B CUSTOM HOMES, an Idaho corporation; TYLER BOSIER, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00218-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Application for Prejudgment Writ of Attachment and Temporary Restraining Order (Dkt. 96). For the reasons explained below, the Court will partly grant and partly deny the application. The Court will grant the application to the extent that it will order Defendants and third party Alison Fuller to appear before the Court on November 6, 2024 at 2 p.m. to show cause as to why a writ of attachment of the property listed in Plaintiffs' Application should not issue. The Court, however, will deny Plaintiffs' request to issue a writ of attachment immediately because Plaintiffs have not satisfied the standard for such relief. That said, the Court of course expects that Defendants will

**MEMORANDUM DECISION AND ORDER - 1**

not use the time before the hearing to improperly dispose of assets. If circumstances change and Plaintiffs come forward with substantial evidence of an immediate risk of concealment, they are free to ask the Court to reconsider this aspect of the ruling.

## BACKGROUND

Plaintiffs Myles Davis and Janelle Dahl filed this diversity action in 2021 against Blast Properties, Inc. and Tyler Bosier, the company's president. The lawsuit arose from a contract for Blast Properties to construct a home for Plaintiffs. The parties had several disputes, related primarily to the rising costs of building materials, and Plaintiffs claimed that Blast Properties eventually repudiated the contract. They sought specific performance as well as damages for fraud and other alleged violations. This Court granted partial summary judgment for Plaintiffs in January 2022, finding that Blast repudiated the contract but that Plaintiffs were not necessarily entitled to specific performance (Dkt. 33).

Plaintiffs subsequently sought to amend the complaint to include punitive damages. The Court agreed but certified a question for the Idaho Supreme Court regarding the issue (Dkt. 68). Because of the certification, which occurred in February 2023, the Court refrained from setting a trial date. The Idaho Supreme Court released its opinion in June 2024 (Dkt. 92), and the Court then scheduled a

10-day trial for April 2025 for the purpose of determining the breach-of-contract damages and adjudicating the remaining claims.

Plaintiffs now allege that Blast Properties has been transferring assets for the purpose of concealing them since the Court's entry of partial summary judgment. The affidavit of Laura Feil, a paralegal for Plaintiffs' attorneys, attests that Blast Properties transferred fifty-six properties total after the filing of the complaint, including thirty-eight after the summary judgment ruling. Three of these were to Blast insiders—one to Blast Holdings, LLC (on August 5, 2022) and two to Mr. Bosier (on November 10, 2022 and June 24, 2024)—and Plaintiffs believe they were made for inadequate consideration. Beginning in early July 2024, Plaintiffs' counsel began contacting Defendants' counsel in an attempt to come to informal agreement regarding a security for the eventual contract judgment. *Ex. G*, Dkt. 96. Defendants apparently did not respond, and Plaintiffs filed this Application.

Plaintiffs ask the Court to order an immediate writ of attachment and temporary restraining order against Defendants Blast Properties and Mr. Bosier, as well as third parties Blast Holdings, LLC and Allison Fuller (a Blast officer who lives with Mr. Bosier).[1] Plaintiffs seek attachment of three real properties and bank accounts worth up to $640,687. The properties in question are (1) the parcel

---

[1] In a separate filing, Plaintiffs seek leave to amend the complaint to include Blast Holdings and Ms. Fuller as additional Defendants. Dkt. 95.

subject to the action (for which Plaintiffs still seek specific performance); (2) the property transferred to Blast Holdings in August 2022; and (3) the residence owned and shared by Mr. Bosier and Ms. Fuller. $640,687 in bank accounts represents Plaintiffs' estimation of the minimum judgment for the contract claim.

Plaintiffs also seek a temporary restraining order preventing Defendants and the above third parties from transferring or encumbering the above properties without Court approval. Specifically, they wish to prohibit them from:

a. Engaging in any activity which would require shareholder approval under Idaho law, including Idaho Code Ann. § 30-29-1202;
b. Transferring any property to any related party, including any officer, employee, director, employee or entity under common control, including Tyler Bosier and Alison Fuller. Defendants should be restrained from distributing any of their assets until the estimated Plaintiff's damages are secured in full via a deposit into an interest-bearing Court account.
c. Making any distributions or dividends or increases in any compensation or benefits to any officer, director or employee, specifically including Tyler Bosier and Alison Fuller.
d. Taking any actions to divert funds away from the Court's account until the threshold set by the Court is achieved.
e. Any acts intended to thwart the writ of attachment.

*Pls.' Memo. Supp. Appl.* at 14, Dkt. 96.

## LEGAL STANDARD

There is no applicable federal statute governing attachment, so Idaho law applies. Idaho Code § 8-501 provides that a plaintiff "may make application to have the property of the defendant attached . . . as security for the satisfaction of

any judgment that may be recovered, unless the defendant gives security to pay such judgment." The plaintiff must show the following conditions:

> (1) that the defendant is indebted to the plaintiff; (2) the action is upon a contract, express or implied, for the direct payment of money; (3) the contract is not secured by any mortgage, deed of trust, security interest or lien upon real or personal property; and (4) the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant.

*Powell v. Crypto Traders Mgmt., LCC*, No. 2:20-cv-00352-BLW, 2020 WL 7318300, at *1 (D. Idaho Feb. 4, 2021); *see* Idaho Code § 8-502(a).

After the application, the court "shall, without delay, examine the complaint and affidavit." Idaho Code § 8-502(b). If the above requirements are met, the court then directs the defendants to show cause for why a writ of attachment should not be issued, and the court schedules a hearing to take place in no sooner than five days. *Id.* The court may, however, issue an immediate writ of attachment, prior to the show-cause hearing, if the property in question "is in imminent danger of destruction, serious harm, concealment, or removal from this state." *Id.* § 8-502(c). Under such circumstances, the court may also "issue such temporary restraining orders . . . as may appear to be necessary for the preservation of rights of the parties and the status of the property." *Id.* § 8-502(d).

## ANALYSIS

Plaintiff's application and affidavit establish the core requirements for a writ of attachment. First, Defendants' indebtedness to Plaintiff was established when

the Court entered partial summary judgment for Plaintiff. Second, this is a contract action for the direct payment of money. Third, the contract is not secured. Fourth, nothing suggests that the purpose of the action is to harm any creditor of Defendants, and Plaintiffs have attested to this. *Aff. of Peter Singler*, Dkt. 96. For these reasons, a show-cause hearing is appropriate.

But Plaintiffs' argument for an immediate writ of attachment, prior to a show-cause hearing, is less persuasive. Plaintiffs argue that the properties are in "immediate danger of concealment" based on other transfers conducted since the entry of partial summary judgment. The vast majority of these, however, were not insider transactions, and Plaintiffs have not presented evidence that they were anything other than the normal course of business. Of the three insider transactions, two took place approximately two years ago, in late 2022; the other was this year but roughly three months ago. Even assuming that this is concealment, Plaintiffs have not demonstrated any "immediate" danger. This contrasts to *Powell v. Crypto Traders Management*, where the defendants had engaged in numerous recent insider transfers and also had an extensive history of criminal fraud. 2020 WL 7318300, at *4.

Waiting for the show-cause hearing to rule on this is also warranted because Plaintiffs have not justified all the attachments sought. Plaintiffs ask the Court to attach three real properties and bank accounts worth up to $640,687. The bank

**MEMORANDUM DECISION AND ORDER - 6**

account value represents Plaintiffs' low-end calculation of damages for breach of contract,[2] but there is no information about the values of the real properties. Even with this uncertainty, the total value of the attachments proposed must significantly exceed Plaintiffs' estimate for the contract judgment. Plaintiffs justify this by asking the Court attach everything now and then allow the release of the bank funds if Defendants show sufficient equity in the attached real property. However, this is unreasonably intrusive, particularly since attaching the bank account requires the transfer of the funds into a Court-controlled account.

Accordingly, the Court will not issue a writ of attachment prior to the show-cause hearing.

## ORDER

**IT IS ORDERED THAT Plaintiffs' Application (Dkt. 96) is GRANTED in part and DENIED in part as follows:**

1. The Application is granted to the extent that, pursuant to Idaho Code § 8-502(b), Defendants and third party Allison Fuller are ordered to appear on November 7, 2024, at 2 p.m., at the United States Courthouse in

---

[2] This includes $80,000 in minimum direct damages, $217,394 increased interest/loan costs, $311,960 in attorney fees (which were included in the parties' contract), and $31,333 in simple interests on the minimum compensatory damages.

Boise, Idaho, for the purpose of showing cause as to why a writ of attachment should not issue.

2. Plaintiffs' application for an immediate, pre-hearing writ of attachment is DENIED.

3. The following briefing schedule will apply to this application:

   a. Defendants shall file a written response on or before October 2, 2024.

   b. Plaintiffs shall file the optional reply brief, if any, within fourteen days of the date the response is filed.

4. Plaintiffs shall notify third party Alison Fuller of the hearing, and her obligation to appear at the hearing, by personally serving this Order upon her.

DATED: September 18, 2024

_____
B. Lynn Winmill
U.S. District Court Judge