UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MYLES DAVIS, an individual, and JANELLE DAHL, and individual,<br><br>Plaintiff,<br><br>v.<br><br>BLAST PROPERTIES, INC. DBA B&B CUSTOM HOMES, and Idaho corporation; TYLER BOISER, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00218-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the defendants' motion to quash the subpoena seeking documents served on Shaun Wooley or, in the alternative, to exclude the requested documents from use at trial. Dkt. 175. The plaintiffs served a subpoena on Shaun Wooley commanding that he appear to testify at trial and that he bring the following documents with him: "full and complete copy of all Loan Application files, including financial information, for Blast Properties, Inc., Blast Holdings, LLC, or Tyler Bosier within the last 36 months." Ex. A, Dkt. 175-2. The defendants seek to quash this document subpoena because counsel was not

MEMORANDUM DECISION AND ORDER - 1

provided notice of the subpoena and because it is an improper request for discovery. For the reasons described below, the Court will grant the motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty to "attend and testify," "produce designated documents," or "permit inspection of the premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). When used as a discovery device, Rule 45 subpoenas are subject to the more general provisions of Rule 26, which outline the scope of discovery. As such, "the majority of jurisdictions hold that . . . requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period." *nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807, at *3 (N.D. Cal. 2006); *see also Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002). That said, a Rule 45 subpoena may be used to seek documents in advance of trial, and outside the discovery period, only in "narrow circumstances" such as where documents are required for memory refreshment, and to ensure availability at trial of original documents previously disclosed during discovery. *Id.*

## ANALYSIS

The defendants move to either quash the subpoena served on Mr. Wooley or,

MEMORANDUM DECISION AND ORDER - 2

in the alternative, for a protective order under Rule 26(c)(1).[1] The defendants argue neither remedy is appropriate because plaintiffs did not provide notice to other parties before serving a subpoena and because fact discovery has long since closed. The Court agrees with the defendants on this second point.

The defendants explain the subpoena requesting production of documents was served after the expiration of the deadline for completing discovery. The plaintiffs, rather boldly, fault the defendants "for failing to cite to any legal authority that supports their position that documents not previously the subject of discovery may not be subpoenaed for use at trial" while simultaneously citing no legal authority that supports their claim that the opposite is true. *Response* at 3, Dkt. 178. In any event, the plaintiffs claim that the subpoena is a trial subpoena and not subject to the discovery deadlines.

"While both discovery and trial subpoenas may be issued under Rule 45, they are not the same thing." *F.T.C. v. Netscape Comm'n's Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000). "A discovery subpoena under Rule 45 allows a party, during pre-trial discovery, to request production and inspection of books, documents, and tangible items from a non-party." *Sepulveda v. City of Whittier*, No. CV 17-4457-

---

[1] Defendants' motion urges the Court to exclude produced documents pursuant to "FRCP (c)(1)." The Court assumes they intend to reference Rule 26(c)(1).

**MEMORANDUM DECISION AND ORDER - 3**

JAK (KSx), 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022). In contrast, trial subpoenas "include requests for attendance at hearing or trial." *nSight, Inc.*, 2006 WL 988807, at *3. Courts in this circuit permit use of a trial subpoena to produce documents only in "narrow circumstances" such as where documents are required to refresh a witness' memory or to make available at trial original copies of material previously disclosed during discovery. *Id.*

Plaintiffs' request that Mr. Wooley produce at trial the "full and complete copy of all Loan Application files" appears to be no more than an impermissible request for discovery. Indeed, plaintiffs "offer no argument or evidence to show that the subpoena[ ] fall[s] within either of the two narrow exceptions for using Rule 45 trial subpoenas to obtain documents after discovery has closed." *Sepulveda*, 2022 WL 20804352, at *3. To the extent plaintiffs believe the fact that the documents will be produced *at* rather than *before* trial changes this analysis, the Court disagrees. *See Thornton v. Crazy Horse, Inc.*, No. 3:06-cv-00251-TMB, 2012 WL 13032922, at *2 (D. Alaska Jan. 3, 2012). As plaintiffs themselves acknowledge, these documents are relevant and have not previously been produced. This material should have been requested before the deadline for close of discovery or if plaintiffs were unable to request this discovery before that deadline—as their response hints at—then they needed to move to modify the

MEMORANDUM DECISION AND ORDER - 4

scheduling order to extend the discovery deadline. *See Ferreira v. Penzone*, No. CV-15-01845-PHX-JAT, 2018 WL 1706212, at *2 (D. Ariz. Apr. 9, 2018) (collecting cases). Plaintiffs opted not to seek this discovery or an extension of the deadlines, discovery is now closed, and trial is set to begin tomorrow. The time for discovery has passed and plaintiffs cannot now use a Rule 45 subpoena "to circumvent discovery cutoffs." *Bousley v. Polley*, No. 2:22-cv-00769-APG-EJY, 2023 WL 9120441, at *2 (D. Nev. Dec. 12, 2023) (quoting 8A Charles Alan Wright et al., *Federal Practice & Procedures* § 2108 (3d ed. 2011)). Accordingly, the motion to quash the subpoena seeking documents is granted.[2]

## ORDER

**IT IS ORDERED that** defendants' motion to quash (Dkt. 175) is **GRANTED.**

DATED: April 23, 2025

B. Lynn Winmill
U.S. District Court Judge

---

[2] This order has no impact on the subpoena requiring Mr. Wooley's appearance and testimony at trial.

MEMORANDUM DECISION AND ORDER - 5